*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                        :
                                        :
LOUIS DIODATO III,                      :   Civil Action No. 09-03532
                                        :
            Plaintiff,                  :
                                        :       **OPINION**
   vs.                                  :
                                        :
                                        :
CONNECTICUT GENERAL LIFE                :
INSURANCE COMPANY, et al,               :
                                        :
            Defendants.                 :
_____

**WOLFSON, United States District Judge:**

   This matter comes before this Court upon a two-count Complaint brought by Plaintiff Louis Diodato III ("Plaintiff") against Defendants Connecticut General Insurance Company, CIGNA Insurance Group, CIGNA Disability Management Solutions, SMA Services, Inc., Standard Insurance Company, and other unnamed defendants for breach of contract. In Count One of the Complaint, Plaintiff alleges that Defendant Connecticut General Insurance Company[1] ("Defendant") breached its contract with Plaintiff for failure to pay for long-term disability benefits that Plaintiff was entitled to pursuant to the policy issued by Defendant.  In

---

[1]Connecticut General Insurance Company is appearing on behalf of itself as well as CIGNA Insurance Group and CIGNA Disability Management Solutions, as the latter two are merely service marks owned by Connecticut General Insurance Companay, and not separate legal entities.

1

the present matter, Defendant moves to dismiss Count One of the Complaint.[2]  Specifically, Defendant asserts that Plaintiff is time-barred from bringing this claim against it under the applicable statute of limitations.  The Court finds that under the applicable New Jersey life and health insurance statutes, the statute of limitations for Plaintiff to recover policy benefits from Defendant expired more than two years ago, and therefore, Defendants' Motion to Dismiss is granted.

**I.     Overview**

For the purposes of this motion, this Court assumes as true the allegations pled by Plaintiff in his Complaint.

On or about January 21, 1997, Plaintiff, a licensed chiropractic physician, obtained a long term disability policy ("the Policy") issued by Defendant through Southern Medical Association and SMA Services, Inc.[3]  Sometime later in 1997, Plaintiff underwent several surgeries for injuries sustained to his back, left shoulder, and right knee.  After the surgeries, the surgeon certified that Plaintiff was unable to work as a chiropractor, and consequently Defendant commenced payment of disability benefits to Plaintiff.  On or about November 25, 2003, Defendant, pursuant to its rights under the Policy, requested that Plaintiff undergo a Functional Capacity Evaluation ("FCE") to determine if he continued to be totally disabled.  The evaluation was conducted on December 18, 2003, by a physical therapist hired by

---

[2]Count Two of the Complaint alleges breach of contract claims against Defendants SMA Services, Inc. and Standard Insurance Company, and is not the subject of this motion.

[3]Southern Medical Association and SMA Services, Inc. are business entities engaged in, among other things, the business of procuring insurance for medical professionals.  Presumably, this allows individual medical practitioners to obtain more favorable rates through voluntary association.

Defendant.  Plaintiff was found to be capable of sedentary work activities if given periodic rest breaks, and thus not totally disabled.  Based on the results of the FCE, Defendant, by letter dated February 2, 2004, informed Plaintiff of its decision to terminate payment of his long-term disability benefits.  Plaintiff appealed the decision on March 22, 2004, and Defendant affirmed its decision on June 22, 2004.

Thereafter, five years later, Plaintiff brought an action in the Superior Court of New Jersey on May 26, 2009.  With the consent of all defendants, the case was removed to this Court on the ground of diversity of citizenship under 28 U.S.C. §§ 1332 & 1441.

**II.    Discussion**

    **A.  Standard of Review**

When reviewing a motion to dismiss on the pleadings, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citation and quotations omitted).  In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court clarified the 12(b) (6) standard.  Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Twombly, 550 U.S. at 561 (quoting Conley, 355 U.S. at 45-46).  Instead, the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  As the Third Circuit stated, "[t]he Supreme Court's Twombly formulation of the pleading standard

can be summed up thus 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556).

In affirming that Twombly standards apply to all motions to dismiss, the Supreme Court recently explained the principles.  First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  Therefore, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.  A complaint barred by the statute of limitations is subject to dismissal under Rule 12(b)(6). Jones v. Bock, 549 U.S. 199, 215 (2007).

**B. Discussion**

The parties dispute which statute governs the instant case.  Defendant argues that Title 17B, Chapter 27 of the New Jersey Statutes, which governs group life, group health, and blanket insurance policies, applies to the instant case.  On the other hand, Plaintiff, without furnishing any explanation, cites exclusively to Chapter 26, which deals with individual policies.  Because the Court finds that the Policy is clearly either a group or blanket policy, Chapter 27 will govern.[4]

---

[4]It is possible that the Policy may be construed as a blanket policy and not a group policy. See N.J.S.A. 17B:27-32(a)(6).  In general, a blanket policy is any policy or contract of insurance against death or injuries resulting from accident or from accidental means issued to certain

Title 17B, Chapter 26 of the N.J.S.A. states that no policy shall be issued pursuant to that Chapter unless "[i]t purports to insure only one person." N.J.S.A. 17B:26-2a(3).[5] In contrast, N.J.S.A. 17B:27-26 states that "[a]ny policy or contract of health insurance which covers more than one person . . . shall be deemed a group health insurance policy." Here, there is no dispute that Plaintiff's insurance policy was not issued as an individual policy. First, the policy is issued to Southern Medical Association, not to Plaintiff directly. Plaintiff's Certificate of Insurance, at 3. Moreover, the policy's language clearly indicates that it covers multiple members. See Plaintiff's Certificate of Insurance, at 3, 5 & 8. Indeed, Plaintiff admits in his Complaint that he obtained the Policy through SMA Services, Inc., as part of a group of medical professionals. As such, the Court finds that the Policy is governed by N.J.S.A. 17B:27-1 et. seq.

Plaintiff's sole reliance on Knoepfler v. Guardian Life Ins. Co. Of Am., 438 F.3d 287 (3d Cir. 2006) is misplaced. In Knoepfler, plaintiff applied for disability benefits under his individual policy more than three years after his disability had begun. Id. at 288. Defendant denied the claim, and plaintiff filed suit. Id. Defendant argued that plaintiff was time-barred because plaintiff failed to provide proof of loss within 90 days after his period of disability began. Id. at 289-90. The Knoepfler court, applying Chapter 26, disagreed, because the policy

---

groups. N.J.S.A. 17:27-32(a). However, the Court need not decide whether the Policy is a group or blanket policy on this Motion, since Chapter 27 covers both group policies and blanket polices, and the statute of limitations requirements applies to both kinds of policies. See N.J.S.A. 17B:27-33.

[5]N.J.S.A. 17B:26-2a(3) allows for the coverage of family members under an individual policy governed by Chapter 26. However, Plaintiff is not claiming that his policy falls within this provision.

5

in question specifically stated that plaintiff was required to provide proof of loss "for loss from disability within 90 days after the end of the period for which we are liable," and the court construed such a phrase to mean that as long as plaintiff remained disabled, he is not precluded from filing a claim under the policy language until 90 days after the end of his continued disability. Id. at 293. Clearly, Knoepfler has no application to the instant case.

Knoepfler's decision was based upon the statutory language of Chapter 26; the Third Circuit's ruling did not involve group or blanket insurance polices under Chapter 27. Statutes dealing with individual health policies are separate and distinct from provisions that govern group and blanket insurance policies. Holland v. Lincoln Nat. Life Ins. Co., 46 N.J.Super. 257, 261-62 (App. Div. 1957). The state legislature, in passing these separate statutory schemes, intended to treat group and blanket policies separate from individual health policies. Id. Indeed, N.J.S.A. 17B:26-37 states, in pertinent part, "[n]othing in this chapter shall apply to or affect . . . any blanket or group policy of insurance." Furthermore, this is not a case in which Plaintiff did not timely file his disability claim; Plaintiff applied for, and received, disability benefits for more than six years. Lastly, consistent with the statutory requirements under N.J.S.A. 17B:27-41, the policy in the instant case states that claimant is required to file written notice of claim "within 30 days after the occurrence or start of the loss on which the claim is based." Plaintiff's Certificate of Insurance, at 17 (emphasis added). Based upon these differences, Knoepfler has no application here.

Nevertheless, Plaintiff argues that the statute of limitations in the Policy does not apply to him because it only applies when "proof of loss" is required, i.e. only when disability is first reported. In this case, Plaintiff claims that since he is already disabled and receiving disability

benefits, the statute of limitations is inapplicable because the proof Plaintiff is required to furnish is "proof of continued total disability," not "proof of loss." The Court finds this argument unpersuasive. In light of the statutory definition of "proof of loss" contained within Chapter 27, the Court finds that the Policy's statute of limitations applies to bar Plaintiff's claim.

The statute of limitations contained within the Policy, under the section Legal Actions, states as follows:

> No action at law or in equity will be brought to recover on the policy until at least 45 days after proof of loss has been filed with CG. No action will be brought at all unless brought within 3 years after the time within which proof of loss is required.

Plaintiff's Certificate of Insurance, at 17.[6] With regards to Proof of Loss, the Policy provides:

> Written proof of loss must be given to CG within 90 days after the date of the loss for which claim is made . . . . Upon request, written proof of continued Total Disability and of regular attendance of a Physician must be given to CG within 30 days of such request.

Plaintiff's Certificate of Insurance at 17. Plaintiff contends that because this language differentiates between "proof of loss" and "proof of continued total disability," only "proof of

---

[6]Plaintiff also argues that the Policy's statute of limitations language differs from the statutory requirement, so therefore it is invalid. Chapter 27 requires that all group policies must conform in substance to the statute of limitations provided in N.J.S.A. 17B:27-46. It states:

> There shall be a provision that no action at law or in equity shall be brought to recover on the policy prior to the expiration of 60 days after proof of loss has been filed in accordance with the requirements of the policy and that no such action shall be brought at all unless brought within 3 years from the expiration of the time within which proof of loss is required by the policy.

The language of the Policy clearly tracks the language of Chapter 27, and in fact provides for a more generous time frame than that required by the statute. Therefore the Court finds that the Policy's statute of limitations is valid under Chapter 27.

loss" is covered by the Policy's statute of limitations.  However, Chapter 27 defines "Proof of Loss" as follows:

> [I]n the case of claim of loss for time for disability, written proof of such loss must be furnished to the insurer within 30 days after the commencement of the period for which the insurer is liable, and that subsequent written proofs of the continuance of such disability must be furnished to the insurer at such intervals as the insurer may reasonably require.

N.J.S.A. 17B:27-41.

In light of the statutory language, Plaintiff's interpretation is improper.  The statute specifically includes, in the definition for proof of loss, "subsequent written proofs of continuance of [] disability . . . at such intervals as the insurer may reasonably require."  The Legislature clearly intended for the statute of limitations to apply to situations where an insurer requires proof of continued disability as a condition for further payment of benefits.  Plaintiff's interpretation contravenes the plain language of the statute.  Therefore, the Court holds that the Policy's statute of limitations, which is consistent with the statute's language, applies to Plaintiff.

In this case, Defendant demanded proof of continued disability on December 18, 2003.  According to the Policy, Plaintiff had 30 days to submit such proof, and the three-year statute of limitations period began to run after that 30-day period had expired.  Applying the statute of limitations, Plaintiff had until January 17, 2007, to file suit to recover lost benefits from Defendant, which he did not do until May 26, 2009.  Indeed, Plaintiff does not argue, and the record does not show, that Defendant unreasonably delayed the claim process in order to deny Plaintiff of his right to sue.  Even if Plaintiff made, and the Court accepts, such an argument, Plaintiff would still have had to file suit by June 22, 2007, three years after Plaintiff received

Defendant's final decision after appeal. Under any circumstance, Plaintiff had ample time and opportunity to bring an action against Defendant within the statute of limitations period, but did not. Accordingly, the Court finds that Plaintiff is time-barred from bringing Count One of the Complaint against Defendant.

**III.   Conclusion**

For the foregoing reasons, the Court finds that Plaintiff is barred by the statute of limitations from asserting Count One of his Complaint against defendant Connecticut General Life Insurance Company, and therefore said defendant's Motion to Dismiss is GRANTED.

/s/ Freda L. Wolfson
The Honorable Freda L. Wolfson
United States District Judge

Date: November 6, 2009