UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(609) 989-2040

CHAMBERS OF
**TONIANNE J. BONGIOVANNI**
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

January 5, 2011

<u>**LETTER OPINION AND ORDER**</u>

**Re:**   <u>Louis Diodato III v. Connecticut General Life Insurance Co., et al.</u>
       Civil Action No. 09-3532 (FLW)

Dear Counsel:

Pending before the Court is Plaintiff's motion for leave to file a Second Amended Complaint. In the motion, Plaintiff seeks leave to join his former attorneys, Thomas DiChiara, Esq., and Drazin and Warshaw, a Professional Corporation, as defendants in this matter. This is Plaintiff's second attempt to name his former attorneys as defendants. Plaintiff's first attempt failed with the Court finding that the joinder of Plaintiff's former attorney's was neither warranted under New Jersey's Entire Controversy Doctrine nor under FED.R.CIV.P. 20. (*See* 7/13/10 Order; Docket Entry No. 36). In the instant motion, Plaintiff again argues that joinder of his former attorneys is necessary under New Jersey's Entire Controversy Doctrine. Plaintiff also argues that permissive joinder is now warranted under Rule 20(a)(2), given Defendants SMA Services, Inc. and Standard Insurance Company's (collectively, "Defendants") newly added failure to mitigate defenses. Defendants oppose Plaintiff's motion for leave to file a Second Amended Complaint. The Court has reviewed all arguments made in support of and in opposition to Plaintiff's motion and considers same without oral argument pursuant to FED.R.CIV.P. 78. For the reasons set forth more fully below, Plaintiff's motion is GRANTED.

I.      **Facts and Procedural History**

The relevant facts and procedural history are set forth in the Court's July 13, 2010 Order and are not repeated herein.  The Court does add that on the same day it entered the July 13, 2010 Order granting in part and denying in part Plaintiff's motion to amend the Complaint, the Court also entered Orders permitting Defendants to amend their Answers in order to assert additional defenses including a failure to mitigate defense.  (*See* 7/13/10 Orders, Docket Entry Nos. 34 & 35).

II.     **Argument**

Plaintiff argues that he should be permitted to join his former attorneys both because their joinder is necessary under New Jersey's Entire Controversy Doctrine and because their joinder is now warranted under the permissive joinder standard set forth in Rule 20.  With respect to New Jersey's Entire Controversy Doctrine, Plaintiff claims that the holding in *Keltic Financial Partners, LP v. Krovatin*, Civ. No. 05-4324 (JAP), 2007 WL 1038496 (D.N.J. March 30, 2007), suggests that Plaintiff's malpractice claim against his former attorneys may be barred if they are not joined in this litigation.

Further, Plaintiff contends that joinder of his former attorneys is now appropriate under Rule 20 given Defendants' new failure to mitigate defenses, which, as made clear by Defendants' responses to Plaintiff's Third Set of Interrogatories, are based on Plaintiff's failure to file a complaint against Connecticut General Life Insurance Company ("CGLIC") within the statute of limitations. In this regard, Plaintiff argues that Defendants' new failure to mitigate defenses bring "the same occurrence into issue as that sought to be asserted by plaintiff in his proposed malpractice claims, *i.e.*, the failure to file a complaint against CGLIC within the statue of limitations period."  (Pl. Br. at 4).  Likewise, Plaintiff argues that the Defendants' addition of their new failure to mitigate defenses also creates a question of fact common to said defenses and Plaintiff's proposed malpractice

2

claim against his former attorneys, "*i.e.*, whether plaintiff's action against CGLIC would have been successful." (*Id.* at 5).  In addition, Plaintiff argues that it would have been premature to have argued that the failure to mitigate defense established the "same . . . occurrence" required for permissive joinder under Rule 20(a), *i.e.*, the failure to timely file an action against CGLIC, before Defendants were granted permission to and in fact filed their Amended Answers including this defense.  Indeed, Plaintiff claims that "[u]ntil the court granted defendants leave to amend their Answers and the Amended Answers were filed, responsibility for the failure to bring an action against CGLIC within the statutory limitations period was not at issue between plaintiff and defendants." (Pl. Reply at 1). Plaintiff also argues that he is not at fault for any delay or additional expense caused by the joinder of his former attorneys, including the need to reopen discovery or remand the case back to state court, because it was not until Defendants added their failure to mitigate defenses that Plaintiff's failure to timely file an action against CGLIC was brought into issue, making permissive joinder under Rule 20 appropriate.

Defendants oppose Plaintiff's motion, arguing that joinder of Plaintiff's former attorneys is not warranted.  Defendants claim that nothing has changed since the Court entered its July 13, 2010 Order denying Plaintiff's request to join his former attorneys as defendants in this action.  In this regard, Defendants note that the Court has already dispelled Plaintiff's claim that New Jersey's Entire Controversy Doctrine might bar a separate legal malpractice lawsuit brought against his former attorneys.[1]  Similarly, Defendants argue that the Court has already dispensed with Plaintiff's claim that his former attorneys should be joined under Rule 20.  Defendants claim that their

---

[1]The Court agrees.  It has already determined that New Jersey's Entire Controversy Doctrine does not preclude Plaintiff from pursing a separate legal malpractice action against his former attorneys and the Court shall not readdress this argument herein.  (*See* 7/13/10 Order at 8-9).

3

responses to Plaintiff's interrogatories regarding the factual basis for Defendants' failure to mitigate defenses, which were served on September 3, 2010, add nothing new because in their motions to file amended answers, which were filed on June 11, 2010, Defendants clearly disclosed that the factual basis for said defenses was Plaintiff's "failure to timely appeal the denial of coverage from CGLIC[.]" (Def. Opp. Br. at 5 (quoting Defendant Standard Insurance Company's Motion For Leave To File An Amended Answer [Docket # 29-1], filed June 11, 2010)).   Defendants claim that when the Court issued its July 13, 2010 Order denying Plaintiff's request to join his former attorneys as defendants in this action, the Court and all of the parties knew the factual basis for Defendants' failure to mitigate defenses and, consequently, "[n]othing has changed . . . to warrant [the Court] reversing itself on the question of plaintiff adding legal malpractice claims to his case."  (*Id.*)

Further, Defendants argue that "[t]here are no common issues of fact or law between the plaintiff's negligence claims against his former counsel . . . and his negligence claims against the current defendants[.]" (*Id.*)  Indeed, Defendants claim that the former raises "questions of whether there was a duty to advise plaintiff of the statute of limitations and whether that advice was in fact given" while the latter raises "questions of whether plaintiff had proper notice of the change in insurers of his group disability coverage[.]" (*Id.*)  In addition, Defendants argue that the facts supporting their failure to mitigate defenses are undisputed and consist of (1) Plaintiff's claim that he was continuously disabled under the CGLIC policy and (2) the fact that his claims against CGLIC were dismissed for failure to timely prosecute them.

Defendants also claim that permitting Plaintiff to join his former attorneys at this juncture would result in undue delay.  In this regard, Defendants note that Plaintiff filed the instant motion to amend well outside of the deadline for filing such motions set in the Court's Pretrial Scheduling Order and that discovery was set to close in a matter of weeks.  Further, Defendants note that the

Court in its July 13, 2010 Order already determined that "'permitting Plaintiff to amend the Complaint to add additional defendants at this point in Discovery will create undue prejudice to Defendants by burdening Defendants with additional expenses.'" (*Id.* at 6 (quoting 7/13/10 Order at 6)).

## III.   Analysis

### A.   Permissive Joinder

Pursuant to Rule 20(a)(2), "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." The terms transaction and occurrence are "construed generously to promote judicial economy." *Schindler Elevator Corp. v. Otis Elevator Co.*, Civil Action No. 09-560 (DMC), 2009 WL 1351578, *2 (D.N.J. May 14, 2009). Indeed, "[t]he Supreme Court has expressed a policy that strongly encourages joinder consistent with fairness to the parties." *Bell v. Lockheed Martin Corp.*, Civil No. 08-6292 (RBK/AMD), 2010 WL 3724271, *12 (D.N.J. Sept. 15, 2010) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). "Provided the joinder requirements of Rule 20 are met, leave to amend to add an adverse party is governed by the general amendment provisions of Rule 15(a)." *Schindler*, 2007 WL 1351578 at *3.

Here, Plaintiff's proposed Second Amended Complaint satisfies the joinder standards set forth in Rule 20(a)(2). First, Plaintiff's right to relief against his former attorneys arises out of the same occurrence as do Defendants' failure to mitigate defenses, namely Plaintiff's failure to timely bring his claims against CGLIC. Second, despite Defendants arguments to the contrary, the Court finds that there is a question of fact common to all defendants, namely, whether Plaintiff would have

succeeded on his claims against CGLIC if they were not barred by the applicable statute of limitations.  Defendants essentially argue that there is no question of fact common to all Defendants because their failure to mitigate defense is premised on "the **undisputed** facts that plaintiff claims to have been continuously disabled under the CGLIC policy and had his claims against CGLIC dismissed for failure to timely prosecute them." (Def. Opp. Br. at 5 (emphasis added)).  If these were the only facts at issued, Defendants might be correct.  However, Defendants cannot succeed on failure to mitigate defenses that are premised on Plaintiff's failure to timely sue CGLIC unless Plaintiff's claims against CGLIC would have been successful.  Indeed, Defendants' response to Interrogatory No. 2 of Plaintiff's Third Set of Interrogatories acknowledges same:

> Interrogatory No. 2:
>
> Do you contend that plaintiff woudl have been successful on his claims against Connecticut General Life Insurance Company ("CGLIC") if his action against CGLIC was nto found to be barred by the statute of limitations?
>
> Response:
>
> Objection.  Plaintiff's interrogatory calls for speculation and is premature inasmuch as discovery has not yet been completed. Without waiving the objection, plaintiff has testified that he believes that he has satisfied the definition of disability as it appears in the CGLIC policy from February 2, 2004 at least up to the date of his deposition on June 9, 2010.  See deposition transcript, p. 66, lines 4-12.  **Defendants contend that if plaintiff had proved his claim against CGLIC in this action, then he would have fully recovered his claimed damages.  Defendants contend that plaintiffs failure to commence action against CGLIC in a timely manner eliminated any possibility plaintiff may have had to mitigate the damages he now seeks to collect from Standard and SMA**.

(Def. Opp. Br. at 4 (quoting Ex. A to Certification of Kenneth P. Westreich, Defendants' Responses to Plaintiff's Third Set of Interrogatories, No. 2) (emphasis added)).

## B.        Amending the Complaint

Given the fact that Plaintiff's proposed addition of his former attorneys as defendants meets the permissive joinder standards set forth in Rule 20, the Court next turns to whether their addition comports with the general amendment provisions of Rule 15(a). *See Schindler*, 2007 WL 1351578 at *3. Pursuant to Rule 15(a)(2), "[t]he court should freely give leave when justice so requires." *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.* However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

In deciding whether to grant leave to amend, "prejudice to the non-moving party is the touchstone for the denial of the amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (quoting *Cornell & Co., Inc. v. Occupational Health and Safety Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)). To establish prejudice, the non-moving party must make a showing that allowing the amended pleading would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction. *See Long*, 393 F.3d at 400. Delay alone, however, does not justify denying a motion to amend. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Rather, it is only where delay becomes "'undue,' placing an unwarranted burden on the court, or . . . 'prejudicial,' placing an unfair burden on the opposing party" that denial of a motion to amend is appropriate. *Adams v.*

7

*Gould Inc.,* 739 F.2d 858, 868 (3d Cir. 1984).  Moreover, unless the delay at issue will prejudice the non-moving party, a movant does not need to establish a compelling reason for its delay.  *See Heyl & Patterson Int'l, Inc. v. F. D. Rich Housing of Virgin Islands, Inc.*, 663 F.2d 419, 426 (3d Cir. 1981).

Here, Defendants argue that the joinder of Plaintiff's former attorneys as defendants would unduly delay these proceedings and unfairly prejudice them.  The Court focuses its analysis on these arguments.  The Court notes that Defendants argue that the addition of Plaintiff's former attorneys would result in undue delay given the close of discovery and the fact that Plaintiff's motion was filed outside of the deadline set in the Court's Pretrial Scheduling Order.  With respect to the timing of Plaintiff's motion, the Court finds that good cause exists to permit Plaintiff's motion at this juncture. In this regard, the Court notes that Defendants' failure to mitigate defenses form the basis of the instant motion and that the those defenses were not included in the operative pleadings until July 16, 2010, after the Court granted Defendants permission to add same on July 13, 2010.  Plaintiff can hardly be faulted for failing to file the instant motion by June 11, 2010, the date set in the Pretrial Scheduling Order, when the defenses that form the basis for same were not added until a month later.

Further, while Defendants argue that nothing has changed because the Court and the parties knew the basis for Defendants' failure to mitigate defenses at the time the Court issued its July 13, 2010 Order denying Plaintiff's motion to join his former attorneys, that is simply not the case.  This Court denied Plaintiff's initial motion to join his former attorneys before Defendants added their failure to mitigate defenses.  Said defenses and the factual bases supporting same were not part of the Court's initial analysis because they were not, at that time, part of the case.  Indeed, it was not until July 16, 2010 when Defendants filed their Amended Answers that their failure to mitigate

8

defenses became operative.  As such, the Court does not hold Plaintiff responsible for any delay that may have occurred prior to July 16, 2010.

The Court notes that while Defendants filed their Amended Answers, which included their failure to mitigate defenses, on July 16, 2010, Plaintiff did not file the instant motion to amend until September 15, 2010.  While Plaintiff attributes this two month delay to the fact that Defendants' September 3, 2010 interrogatory responses provided Plaintiff with the factual basis of Defendants failure to mitigate defenses making permissive joinder under Rule 20 appropriate, the Court finds that Defendants' motions to amend their Answers provided Plaintiff with sufficient information to make the instant motion immediately after the Amended Answers were filed.  Nevertheless, the Court does not believe that the two month delay warrants denial of the instant motion.  While this delay will undoubtedly result in the discovery period being extended, in all likelihood that result would have occurred even if Plaintiff had immediately filed the instant motion after Defendants' Amended Answers had been filed.

Further, the Court finds that permitting Plaintiff to join his former attorneys will not unfairly prejudice Defendants.  While the Court had previously determined that the addition of new defendants would be unduly prejudicial, that determination was made prior to the filing of Defendants' Amended Answers.  At that time, Defendants' failure to mitigate defenses, which provide the grounds for joining Plaintiff's former attorneys as defendants under Rule 20, were not part of this case.  As such, the added expense of joining Plaintiff's former attorneys would have been prejudicial.  Now, however, permissive joinder pursuant to Rule 20 is warranted and it is Defendants' addition of their failure to mitigate defenses that makes it so.   Under these circumstances, the Court finds that joining Plaintiff's former attorneys as defendants in this matter is appropriate.  While their joinder will surely result in Defendants having to spend more time and

9

money litigating this matter, the Court finds that the additional time and expense will not be so significant as to unfairly prejudice Defendants.[2]

## IV. Conclusion

For the reasons stated above, Plaintiff's motion to join his former attorneys as defendants in this matter is granted.  Plaintiff is directed to file a Second Amended Complaint joining same no later than **January 14, 2011**.

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED THAT A TELEPHONE CONFERENCE SHALL TAKE PLACE ON FEBRUARY 23, 2011 AT 11:00 A.M. PLAINTIFF'S COUNSEL SHALL INITIATE THE CALL.**

**IT IS FURTHER ORDERED THAT DEFENDANTS ARE HEREBY GRANTED LEAVE TO FILE MOTIONS FOR SUMMARY JUDGMENT IF THEY DEEM SAME TO BE APPROPRIATE AT THIS TIME.**

**IT IS FURTHER ORDERED THAT THE CLERK OF THE COURT TERMINATE THIS MOTION [DOCKET ENTRY NO. 42] ACCORDINGLY.**

s/Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI**
**United States Magistrate Judge**

---

[2]The Court also recognizes that there is some concern that the addition of Plaintiff's former attorneys could potentially divest the Court of diversity jurisdiction.  The Court finds that these concerns do not warrant denying Plaintiff's motion to amend.  Further, this Court takes no position on whether jurisdiction shall be retained over this matter.